# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2059V
(not to be published)

| | |
|---|---|
| WILLIAM MALLARD,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: June 2, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Administrative Time |

*Celia Farrar Hastings*, Greg Coleman Law, PC, Knoxville, TN,, for Petitioner.

*Sarah Black Rifikin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 22, 2021, William Mallard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome as a result of an influenza vaccine administered on October 26, 2018. Petition at 1. On August 19, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 29.

Petitioner has now filed a motion for attorney's fees and costs, dated April 12, 2023 (ECF No. 38), requesting a total award of $41,720.42 (representing $40,929.30 in fees and $791.12 in costs). In accordance with General Order No. 9, Petitioner filed a signed

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

statement indicating that he incurred no out-of-pocket expenses. ECF No. 35. Respondent reacted to the motion on April 26, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 39. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

    A.  Hourly Rates

Petitioner is requesting the following rates for attorney Celia Farrar Hastings: $464 per hour for 2019; $484 per hour for 2020; $509 per hour for 2021; and $525 per hour for 2022. ECF No. 38 – 1 at 1 - 8. Ms. Hastings has been a licensed attorney since 1979, placing her in the range of attorneys with over 31 years' experience. ECF No. 38 at 1, 2, 4 and 8.

The requested rates are all within the Vaccine Program's published range for attorneys at Ms. Hastings's level of overall experience, albeit on the highest end of the range. But such rates are usually awarded only to those attorneys with significant experience in the Vaccine Program - and this is Ms. Hastings's first case in which her rates have been considered at all. I therefore deem the rates somewhat higher than appropriate herein.[2] I shall instead award $430 per hour for 2019; $450 per hour for 2020; $475 per hour for 2021; and $500 per hour for 2022. Application of these rates reduces Petitioner's awardable attorney's fees by the amount of **$2,309.30**.[3]

    B.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries reflect tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Human Servs.,* 2016 WL 720969, (Fed. Cl. Spec. Mstr. Feb. 4, 2016) at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

The administrative billing at issue involved one hour paying invoices for medical records. These tasks are as follows:

---

[2] Ms. Hastings has one additional closed case with a pending fees motion and four open cases in the Program.

[3] This amount is calculated as follows: ($464 - $430 = $34 x 3.35 hrs = $113.90) + ($484 - $450 = $34 x 2.30 hrs = $78.20) + ($509 - $475 = $34 x 45.80 hrs = $1,557.20) + ($525 - $500 = $25 x 22.40 = $560) = $2,309.30.

3

- June 21, 2021 (0.25hrs) "Receive and review bill for records from Cumberland Specialty Group; Prepare check request";

- June 30, 2021 (0.25hrs) "Receive inv for Ft. Sanders records; prepare check request for $20.80";

- September 23, 2021 (0.25hrs) "Receive inv for Ft. Sanders records; prepare check request for $20.80"; and

- October 28, 2021 (0.25hrs) "Receive past due inv for $40.80 for FSRMC Pat Neal recs; prepare & submit check request."

ECF No. 38 – 1 at 3 – 4.

Because the Program does not reimburse such administrative tasks, I will reduce the amount of fees awarded by **$172.00**.[4]

## ATTORNEY COSTS

Petitioner requests $791.12 in overall costs. ECF No. 38 – 1 at 13 - 23. This amount is comprised of obtaining medical records, shipping and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$39,239.12** (representing $38,448.00 in fees and $791.12 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Celia Farrar Hastings. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

---

[4] This amount consists of: $172 x 1 hr = $172.00

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master